IN RE MODESTO VÁZQUEZ SUÁREZ, Respondent.

No. 96.   Submitted October 21, 1959.—Decided November 4, 1959.

*Benjamín Ortiz* and *José Julio Santiago* for respondent.
*Hiram R. Cancio, Secretary of Justice* and *William Fred Santiago, Acting Fiscal, Supreme Court,* for The People.

ORDER

WHEREAS: The Secretary of Justice and the Acting *Fiscal* of this Court filed a complaint against Modesto Vázquez Suárez, attorney-at-law, charging him with the following:

---

"That on November 5, 1958 while respondent Modesto Vázquez Suárez was practicing the profession of attorney-at-law in the District Court of Puerto Rico, Caguas Part, and while hearings were being held in the town of Aguas Buenas, during a session of said court, he observed an immoral and improper conduct unbecoming an attorney in detriment to the prestige, dignity and good name of the court and the administration of justice. Said improper conduct on the part of the respondent consisted in interrupting the session during a trial in which he was not participating and violently and boldly assaulting and injuring the Hon. Ramón López Rodríguez, Justice of the Peace, who was there facing the bench of the court, presided on that occasion by the Hon. Judge René Rivera Colomer. That this improper conduct of the respondent paralyzed the work of the court giving rise to the ensuing disorder, thus interrupting the session and calling for the intervention of several officers of the court and several members of the insular police to prevent future physical assaults and to put an end to the chaos created there."

WHEREAS: This case having been referred to the Hon. Ramón A. Cancio, Judge of the Superior Court, to act as "Special Master" and to hear and receive the evidence, duly certify and submit it to this Court with his findings of fact, said magistrate, after the usual proceedings and the hearing, submitted his report considering the following charges proven:

"2. On November 5, 1958 he appeared before the District Court of Puerto Rico, Caguas Part, constituted in Aguas Buenas, to represent and defend as attorney several persons charged with separate offenses for alleged violations of §§ 299 and 300 of the Penal Code. He pleaded not guilty in the name of all his clients. He then alleged that the complaints did not state facts constituting a public offense. The court sustained the question as to the complaint under § 299 and freely acquitted the only person who was charged with that offense. After overruling the question as to the other complaint for which all the other defendants were liable, the presiding judge (Hon. René Rivera Colomer) found them guilty of the offense with which they were charged although defendants had not changed their plea of not guilty and no evidence had been presented to estab-

lish it.* The district judge sentenced each one of these defendants to pay a $25 fine or serve 25 days in jail. Respondent herein asked the judge to fix bond to appeal from the judgments. Then the judge fixed a bond of $500 to each one. Respondent herein asked the judge for bail blanks. The presiding judge in turn requested them from Ramón López Rodríguez, the Justice of the Peace appointed for Aguas Buenas, who was present there.[1] The justice of the peace answered that there were no blanks available. Another case commenced in which respondent herein did not participate as attorney. However, he addressed the district judge asking again for the blanks. The district judge replied what the justice of the peace had again informed him—that there were no blanks available, that they had been ordered from the Caguas Part of the District Court or from the Office of Court Administration and that they had not been sent. There then arose a discussion between the attorney and the district judge in which the former charged the court and the justice of the peace with negligence for not having any bail blanks available. The district judge told him that that was not his responsibility but of the justice of the peace and ordered the marshal to commit the defendants to jail until they gave bail. Respondent herein objected to this, telling the presiding judge that he would file a complaint against him if he ordered the commitment of the defendants and insisted on his accusation against the justice of the peace whom he called negligent and incompetent.

"3. During said discussion the respondent was standing facing the district judge and with his back to the justice of the

---

* It is necessary to clarify, since the Special Master failed to do so in his report, that as to this point Judge Rivera Colomer testified as follows:

"Q.—And what happened then?

"A.—Then he [Attorney Vázquez Suárez] submitted the case only on the question of law, admitting the facts.

"Q.—Did he use that phrase 'I admit the facts?'

"A.—He even said: 'Your Honor, you will anyhow believe the police, so we admit the facts and submit the case.'

"Q.—And you convicted them?

"A.—He accepted the facts so I convicted."

On the contrary, the respondent insisted that he had only submitted the question of law, that the judge pronounced sentence immediately after stating that said question did not lie, that he prayed for reconsideration,

peace. The latter was sitting in the place for the attorneys, next to the railing which separates it from the public. When the respondent called him incompetent and negligent while he was arguing with the district judge, the justice of the peace asked him from his seat, beseechingly, not to talk like that. Immediately the respondent turned around to where the justice of the peace was sitting down and darted forward to hit him with a book he was holding in his hand. Upon losing his balance the respondent fell on the justice of the peace's knees and reached him on the forehead with the book. Immediately several policemen who were in the courtroom intervened and separated them.

"4. The incident gave rise to the usual disorder which incidents of this nature always cause in the courtroom. One of the policemen had to stand on one of the seats in the place devoted to attorneys to stop the public who wanted to pass through. The court session was interrupted until order was restored.

"5. We have not given credit to respondent's evidence tending to establish that he had not intended to injure the justice of the peace, but that he reacted instinctively to defend himself for fear of being attacked when he saw that the judge was about to stand up and reached for a weapon that he was carrying.[2] Although impliedly said, we expressly conclude that the justice of the peace made no attempt to stand or motion to

alleging, among other grounds, that no evidence had been presented, and that in view of that petition, the judge remained silent. He adds that later, when the marshal came for the defendants, he again raised the question of absence of evidence for the prosecution. At that moment the incident with the justice of the peace took place. The testimony of the other witnesses does not throw any light on this dialogue between judge and attorney. After considering all the circumstances we believe that Judge Rivera Colomer's testimony on these events is more trustworthy.

The evidence also shows, further, that on that same day Judge Rivera Colomer, presiding in Caguas and by virtue of a petition made by the defendants through the jail warden in the absence of Vázquez Suárez, reconsidered his former sentence and reduced the fine from $25 to $5, which defendants paid.

[1] "López Rodríguez was on vacation at that time but he always used to attend court sessions to help the district judge and the other officers of the court."

[2] "The respondent used, with regard to his evidence to such effect, the fact that he knew that López Rodríguez had been suffering from his

attack the respondent. The weighing of the evidence, by reasonable inference derived from the nonconflicting evidence and from the contradictory proof worthy of our credit, leads us to conclude that the respondent acted moved by the anger or irritation caused by the fact that none of his clients were acquitted peremptorily; that those who were not acquitted were convicted without the introduction of evidence for the prosecution; that each one was granted a bail bond of $500; and especially, that the bail blanks did not appear and that notwithstanding that there were none available—for which he blamed the justice of the peace—his clients were ordered to jail until they gave bail. The anger or irritation produced in respondent by all this flared up suddenly and unconsciously against the justice of the peace when the latter interrupted him in his accusation of negligence and incompetence to tell him not to talk like that.

"6. We should finally indicate to the Hon. Court, in order to complete the picture in which the respondent was involved, that during the same days of the events which gave rise to the complaint he was under a nervous strain due to the illness which later caused his mother's death; and that for some time he hardly slept in order to assist her at night in the last days of her life."

WHEREAS: The petitioner has informed that he has no objections to the findings of the Special Master and the respondent has submitted the following objections without argument:

"1. The respondent objects to the finding of fact to the effect that 'Immediately the respondent turned around to where the justice of the peace was sitting down and darted forward to hit him with a book he was holding in his hand.'

"2. The respondent objects to the findings of fact of paragraph 5 of the report."

mental faculties and had been pronounced judicially incapacitated. (López Rodríguez regained his mental health and was rehabilitated to govern his person and property two years before he was appointed justice of the peace in 1949.)"

WHEREAS: After studying the respondent's objections and examining the evidence presented to the Special Master there is no doubt that the facts alleged in the complaint have been clearly proven.

WHEREAS: The respondent's behavior in the incident referred to in the complaint was manifestly improper and unbecoming an attorney, highly injurious to the prestige, dignity and good name of the District Court and the administration of justice and in violation of Canon 1 of the "Canons of Professional Ethics Governing the Conduct of Lawyers of Puerto Rico."

THEREFORE: After considering all the circumstances of the case, this Court decides to suspend respondent Modesto Vázquez Suárez, as it does hereby suspend him, from the practice of law in our jurisdiction for a period of six months.

It was so ordered by the Court as witness the signature of the Acting Chief Justice.

